IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL B. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:19-cv-03784 |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Portfolio Recovery Associates, LLC ("PRA"), by and through the undersigned

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff

Michael B. Walker's ("Plaintiff") Complaint for failure to state a claim upon which relief can be

granted and, in support thereof, states as follows:

## I.     INTRODUCTION

Plaintiff ran up over $5300 in charges and fees on his World Financial Network Bank credit

card and then failed to pay. (Compl. ¶ 7, Dkt. 1.) World Financial eventually charged off the

account and sold it to PRA, which then pursued collection for its own behalf. (*Id*. ¶ 9.) On August

6, 2019, PRA sent Plaintiff a letter offering him several options to resolve the debt, including a

single payment option, a 12-month payment option, and a 24-month payment option, all of which

resulted in significant discounts, after which PRA would consider the debt to be "paid in full." (*Id*.

¶ 12; *see also* August 6, 2019 letter, attached hereto as Exhibit A.)[1] PRA's letter specifically noted

---

[1] When considering a motion to dismiss courts may consider "the complaint, any documents
attached to the complaint, and *any documents attached to the motion to dismiss that are central to*

the first payment must be received by September 9, 2019 and, further, that "We are not obligated

to renew this offer."[2]

PRA's letter also informed Plaintiff that the debt was beyond the applicable statute of

limitations and, therefore, "we will not sue you for it." Specifically, the letter states:

> The law limits how long you can be sued on a debt and how long a debt can appear
> on your credit report. Due to the age of this debt, *we will not sue you* for it or report
> payment or non-payment of it to a credit bureau. Depending on the laws of your
> state, certain actions, such as making a payment or promising to pay the debt, may
> restart the time period for the filing of a lawsuit against you; but even if that were
> the case, we still *will not sue you* on this debt.

(*Id.*, emphasis added.)

Plaintiff never responded to the August 6 letter or sought to take advantage of the payment

plan options. Instead, he brought suit against PRA alleging that the August 6 letter violates the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692e, which prohibits the use of "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt." (Compl. ¶¶ 28–29, Dkt. 1.) Specifically, Plaintiff argues that PRA should have said "we

*cannot* sue you" instead of "we *will not* sue you." (*Id.* ¶¶ 30–34, Dkt. 1, emphasis added.) Plaintiff

further complains that when PRA warned that it was "not obligated to renew" the payment plan

offers, this somehow equally meant that PRA was "not obligated to renew" its promise not to sue

on the debt. (*Id.* ¶¶ 35–36, Dkt. 1.) This Court should reject these "bizarre and idiosyncratic

---

the claim and referenced by the complaint." *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d
673, 684 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014).

[2] PRA includes this statement whenever it makes a "limited-time" settlement offer at the
suggestion of the Seventh Circuit Court of Appeals, to avoid creating "a false impression of a debt
collector's options[.]" *Duarte v. Client Servs.*, No. 18 C 1227, 2019 WL 1425734, at *4 (N.D. Ill.
Mar. 29, 2019) (citing *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 776 (7th Cir.
2007)). The *Evory* court "noted that the word 'obligated' is sufficient to lead an unsophisticated
consumer to realize that a renewal is possible, but not assured." *Id.*

interpretations" of the letter and, accordingly, dismiss Plaintiff's complaint with prejudice. *Busby v. Vacation Resorts Int'l*, No. CV H-18-4570, 2019 WL 669641, at \*4 (S.D. Tex. Feb. 19, 2019).

## II.      LEGAL STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Adams v. Universal Fid., LP*, No. CV H-17-3354, 2018 WL 4030639, at \*1 (S.D. Tex. Aug. 23, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* (citing *Twombly*, 550 U.S. at 555 (internal quotations omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (internal quotations omitted).

"When determining whether a debt-collection letter violates the FDCPA, the court must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Busby*, 2019 WL 669641, at \*4 (internal quotations and alterations omitted). The unsophisticated consumer "has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id*. The standard protects "debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Id.*

## III.      ARGUMENT

As an initial matter, it is well-settled that there is nothing unlawful about seeking voluntary repayment of debt that is no longer legally enforceable. *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 334 (5th Cir. 2017) ("In nearly every state, the fact that a debt is time-

barred from collection by a lawsuit does not extinguish the obligation."); *see also Buchanan* v.

*Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015) ("Legal defenses are not moral

defenses…[A] creditor remains free…to let the debtor know what the debt is and to ask her to pay

it…For some individuals, such letters may offer a welcome solution to an outstanding debt.");

*Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 23–33 (3d Cir. 2011) (explaining that because "the

expiration of the statute of limitations does not invalidate a debt, but merely renders it

unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred

debt so long as the debt collector does not initiate or threaten legal action in connection with its

debt collection efforts."); *see also Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282,

1293 (M.D. Fla. 2017) (citing an FTC publication that states debt collectors "are allowed to contact

you about time-barred claims" and the "decision to pay a time-barred debt is up to [the

consumer].").

A.      **"We will Not Sue You" Means Exactly That.**

        PRA's statement that it "will not sue" is an accurate statement which means exactly that:

PRA will not sue Plaintiff now, or in the future, regardless of the circumstances. *See Gonzales v.*

*Portfolio Recovery Associates, LLC*, No. 4:19-CV-218-A, 2019 WL 2772524, at *3 (N.D. Tex.

July 2, 2019) (granting PRA's motion to dismiss on similar claims). Courts have emphasized that

the linchpin of a viable claim under Section 1692e is *inaccuracy*; therefore, an accurate statement

is not false or misleading. *See Sheriff v. Gillie*, 136 S. Ct. 1594, 1601 (2016) (explaining that if a

"representation is accurate" it is "not "false or misleading,") (alterations omitted).

        Here, Plaintiff has failed to demonstrate any inaccuracy in PRA's categorical statement

"we will not sue you." The only reasonable conclusion that even the "least sophisticated debtor"

could draw from PRA's letter is that PRA "will not sue" on the debt, "which was exactly the case

and in no way misleading." *Holland v. Draper*, No. C12-1409, 2013 WL 1914388, at *3 (W.D. Wash. May 8, 2013) (holding where the only reasonable conclusion from the letter "was exactly the case" it could not be misleading); *Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-00132-ACA, 2018 WL 4184570, at *4 (N.D. Ala. Aug. 31, 2018) (collection letters do not deceptively or misleadingly imply that the debts are legally enforceable where the sentence stating that the law limits how long a debtor can be sued on a debt draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue); *see also Stimpson v. Midland Credit Mgmt., Inc.*, 347 F. Supp. 3d 538, 551 (D. Idaho 2018)

In *Stimpson*, the court granted summary judgment in defendants' favor stating, "Read from the perspective of the least sophisticated consumer, [defendant's] letter does not falsely state or indirectly suggest that it has the ability to sue on the time-barred debt." *Id*. Rather, as is the case here, "the letter expressly inform[ed] [plaintiff] that (1) the law limits how long a person can be sued on a debt, and (2) due to the age of his debt, [defendant] would not sue him." *Id.* The court was "not convinced that the least sophisticated consumer would interpret this language as a veiled message, telling him that the debt is *not* time barred, or that litigation may be forthcoming, if [defendant] so chooses." *Id.*; *see also Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at **11–12 (N.D. Ala. Nov. 28, 2018) (holding the letter did not deceptively or misleadingly imply that the debts are legally enforceable because the disclaimer language "we will not sue you" made it clear that plaintiff would not be sued and dispelled any potentially misleading language).

Furthermore, Plaintiff has failed to allege any facts suggesting that PRA would disregard its explicit promise not to sue which, as explained below, is fatal to Plaintiff's claim. *See Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-82 (CDL), 2018 WL 6517448, at *5 (M.D. Ga. Dec.

11, 2018. In contrast, the disclosure Plaintiff seeks—"we *cannot* sue you"—would not be true. (Compl. ¶ 32.) Indeed, there are circumstances under which PRA *could* sue, including, for example, if a consumer moved to a jurisdiction where partial payment on a time-barred debt alone could (unlike Texas) restart the statute of limitations. In that instance, PRA *could*—by law— enforce the debt, making a disclosure that "we cannot sue you" potentially inaccurate. Thus, the unqualified statement "we *will not* sue," conveys in simple, unequivocal terms that the consumer will never be sued regarding her account, period.

It is true that some courts have disapproved of "will not sue" but only because there was no accompanying disclosure regarding the time-barred nature of the debt, let alone the express disclosure present in the letter at issue here—i.e., "the law limits how long you can be sued on a debt." *See e.g.*, *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, No. 16-16511, 2019 WL 1495642, at **1–2, 6 (11th Cir. Apr. 5, 2019) (finding letter violated the FDCPA where letter failed to include any disclosure that the debt was not legally enforceable); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) ("a collection letter seeking payment on a time-barred debt (*without disclosing* its unenforceability) but offering a "settlement" and inviting partial payment (*without disclosing* the possible pitfalls) could constitute a violation of the FDCPA.") (emphasis added); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1015 (7th Cir. 2014) (no disclosure regarding time-barred nature of debt in the two letters at issue).[3]

In contrast, courts have found that the use of the language "will not sue" is lawful under

---

[3] In the Complaint, Plaintiff cites *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2018 WL 723278 (N.D. Ill. Feb. 5, 2018) for the proposition that the language "we will not sue you" is "materially misleading." (Compl. ¶ 34.) Plaintiff's reliance on *Pierre* is misplaced. The court in *Pierre* did not even assess whether the language "we will not sue you" is misleading under the FDCPA, and did not hold that such language is "materially misleading." *Id.* at *6. Moreover, *Pierre* has no application to Plaintiff's revival claim because Texas law applies; in *Pierre*, the court applied Illinois law. *Id.* at *4.

the FDCPA as long as the letter also identifies the time-barred nature of the debt by providing a disclosure that "the law limits how long a consumer can be sued on the debt." *Cooper*, 2018 WL 6517448, at \*\*3–4. In *Cooper*, the court addressed whether the language "we will not sue you" could mislead the least sophisticated consumer into believing that the defendant was seeking to collect on a legally enforceable debt. *Id*. The Court noted that the Seventh Circuit in *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017), found that a letter violated the FDCPA where it contained the following disclosure: "Because of the age of your debt, we will not sue you for it[.]" *Cooper*, 2018 WL 6517448, at \*3 (citing *Pantoja*, 852 F.3d at 682). The Seventh Circuit reasoned that this language was problematic because the disclosure "did not make clear to the recipient that the law prohibits the collector from suing on th[e] old debt." *Id.* at \*4 (citing *Pantoja*, 852 F.3d at 684). There, although the letter said "we will not sue you," it did not mention that the debt was time-barred. *Id.* (citing *Pantoja*, 852 F.3d at 684). The Seventh Circuit "determined that that the least sophisticated consumer might conclude based on this language that the debt was legally enforceable but the debt collector had simply chosen not to sue him on it at that time." *Id.* (citing *Pantoja*, 852 F.3d at 684).

The letter at issue in *Cooper*, however, was distinguishable from the letter at issue in *Pantoja*. *Id*. Unlike the letter at issue in *Pantoja*, the letter in *Cooper* stated: "The law limits how long you can be sued on a debt[.]" *Id.* The Court concluded that "[b]ased on [defendant's] statement that the law limits how long a consumer can be sued on a debt, the letter would not mislead the least sophisticated consumer into believing that [defendant] was seeking to collect on a legally enforceable debt." *Id.*

Many other courts have similarly recognized that a collection letter containing the same disclosure as PRA's letter does not violate the FDCPA. *See, e.g.*, *Jones v. Synergetic Commc'n,*

*Inc.*, No. 18-CV-1860-BAS-RBB, 2018 WL 6062414, at \*7 (S.D. Cal. Nov. 20, 2018) (dismissing plaintiff's FDCPA claim and finding the language "the law limits how long you can be sued on a debt" "eliminates the ambiguity the *Pantoja* court found in a debt collector's use of the phrase 'will not sue'" and the "least sophisticated consumer would not plausibly be misled into believing that his time-barred debt is enforceable"); *Trichell*, 2018 WL 4184570, at \*4 (holding collection letters do not deceptively or misleadingly imply that the debts are legally enforceable where the sentence stating that the law limits how long a debtor can be sued on a debt draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue); *Stimpson*, 347 F. Supp. 3d at 551 (granting summary judgment in favor of defendants where letter "expressly inform[ed] [plaintiff] that (1) the law limits how long a person can be sued on a debt, and (2) due to the age of his debt, [defendant] would not sue him."); *Buchanan*, 776 F.3d at 396 (finding that including the statement "the law limits how long you can be sued on a debt" would "*correct[] any possible misimpression* by unsophisticated consumers") (emphasis added); *Burgess v. Portfolio Recovery Assocs., LLC*, No. 16-1463, 2017 WL 2471802, at \*4 (C.D. Cal. Mar. 23, 2017) (holding that letter which included disclosure that the "law limits how long you can be sued on a debt" did not violate the FDCPA because "[t]he Letter explicitly contained language regarding [PRA's] inability to sue on the debt. This language informs the least sophisticated debtor that [defendant] is not able to take legal action to collect this debt.").

Here, PRA's letter provided the nearly identical disclosure: it informed Plaintiff that the law limits how long a consumer can be sued on a debt and that PRA "will not sue" to enforce it. *See Cooper*, 2018 WL 6517448, at \*4. Accordingly, PRA's letter does not violate the FDCPA and Plaintiff's claims must be dismissed.

**B.      Plaintiff's "Revival of the Debt" Claim Fails.**

Plaintiff contends that the statute of limitations could have been revived if had accepted one of PRA's offers and made a payment (which he did not), potentially subjecting him to a lawsuit. (Compl. ¶¶ 30–31.) However, partial payment alone will not revive the statute of limitations under Texas law and, in any event, PRA provided an explicit disclosure that even *if* the statute of limitations were revived, it still would not sue. What is more, Plaintiff failed to allege any facts that PRA would disregard its explicit promise not to sue. As such, Plaintiff's "revival" theory fails.

*1.      Under Texas Law, Partial Payment Does Not Revive the Debt.*

Under Texas law, "[p]artial payment alone is not sufficient to revive a time-barred debt." *Gonzales*, 2019 WL 2772524, at *2 (citing *Mandola v. Oggero*, 508 S.W.2d 861, 863 (Tex. Civ. App. 1974)). "Under Texas law, the statute of limitations on a time-barred debt, such as this one, is revived only if there is a writing containing an unequivocal acknowledgment of the justness of the claim and an expression of a willingness to pay." *Id.* (citing *House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902, 905 (Tex. Civ. App. 1979); Tex. Civ. Prac. & Rem. Code. 16.065 ("An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time the claim is due unless the acknowledgment is in writing and signed by the party to be charged.")). "Texas courts have consistently interpreted this statute to require that an agreement: 1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002); *see also House of Falcon*, 583 S.W.2d at 905. Thus, partial payment alone does not revive the statute of limitations. *See Mandola*,

508 S.W.2d at 863 ("The fact that part payments have been made, standing alone, is not sufficient to toll the statute.").

Because partial payment alone will not revive that statute of limitations under Texas law, there is no FDCPA violation based upon Plaintiff's theory of "revival." *See Gonzales*, 2019 WL 2772524, at *2 (finding no FDCPA violation based on a theory of "revival" because under Texas law "[p]artial payment alone is not sufficient to revive a time-barred debt"); *see also Elston v. Encore Capital Grp., Inc.*, No. 2:18-CV-0071-TOR, 2019 WL 3037054, at *6 (E.D. Wash. July 11, 2019) (finding no FDCPA violation based on a theory of "revival" because under Washington law "partial payment or a promise to pay does not, alone, revive the debt"); *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-CV-61138, 2018 WL 6590829, at *3 (S.D. Fla. Dec. 14, 2018) ("because a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment"); *see also Ayres v. Portfolio Recovery Assocs., LLC*, No. 2:17-CV-01088-DN, 2018 WL 5849472 (D. Utah Nov. 8, 2018) (no FDCPA violation because partial payment alone does not revive statute of limitations on a time-barred debt under Utah law); *Stimpson v. Midland Credit Mgmt., Inc.*, 347 F. Supp. 3d 538, 545–46 (D. Idaho 2018) (finding no FDCPA violation based on a theory of "revival" because under Nevada law "a partial payment on a time-barred debt does not revive the statute of limitations"); *Gunther v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-704, 2018 WL 4621764, **9–10 (D. Utah Sept. 26, 2018) (no FDCPA violation because partial payment alone does not revive statute of limitations on a time-barred debt under Utah law); *Trichell*, 2018 WL 4184570, at **4–5 (N.D. Ala. Aug. 31, 2018) (no FDCPA violation because partial payment alone does not revive statute of limitations on a time-barred debt under Alabama law); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368 (D.N.J. 2016) (no FDCPA

violation where partial settlement payments defendant solicited would not revive the statute of limitations).

### 2.    *Even if the Debt Was Revived, PRA Still Promised Not to Sue and Plaintiff Fails to Plead Any Facts to Show that PRA Would Disregard That Promise.*

Although partial payment alone will not revive the statute of limitations under Texas law, PRA left zero room for doubt and included an explicit disclosure that *even if* the statute of limitations were revived, *it still would not sue*: "Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, *we still will not sue you on this debt*." (Exhibit A (emphasis added).) Because Plaintiff did not allege any facts establishing that PRA would disregard this explicit promise not to sue, Plaintiff's claim fails. *See Gonzales*, 2019 WL 2772524, at *2 ("Plaintiff has not pleaded any facts to show that defendant would not abide by its promise") (citing *Cooper*, 2018 WL 6517448, at *3); *see also Smith v. Portfolio Recovery Assocs., LLC*, No. 4:19-CV-25 (CDL), 2019 WL 2236264, at *2 (M.D. Ga. May 23, 2019) (plaintiff did not "adequately allege that the letter he received was misleading" where PRA's "letter contained a promise not to sue the plaintiff because of the age of his debt" and the "plaintiff did not allege any facts to suggest that [PRA] would disregard its promise not to sue").

In *Cooper*, the plaintiff alleged that the collection letter was misleading because it should have warned the plaintiff that he could be sued if he made a partial payment "even though [defendant] stated in the letter that it would not sue him for it." *Cooper*, 2018 WL 6517448, at **2–3. There, the collection letter provided a disclosure similar to the disclosure at issue here: "The law limits how long you can be sued on a debt…Due to the age of this debt, we will not sue you for it…." *Id.* at *1. The court dismissed the plaintiff's FDCPA claims because the plaintiff "did not allege any facts to suggest that [defendant] would disregard its promise not to sue him for

the debt and instead pursue a claim against him if he made a partial payment…sufficient to revive the statute of limitations." *Id.* at \*3. The court held that in the "absence of such factual allegations, [defendant's] letter would only be misleading or amount to an unfair means of attempting to collect a debt if the Court inferred from [plaintiff's] allegations that [defendant] would do exactly what it said it would not do: sue [plaintiff] for the debt." *Id.* The court reasoned that it would "have to infer that [defendant's] letter amounts to attempted fraudulent inducement—that 'we will not sue you for the debt' actually means 'we will not sue you for the debt unless you make a partial payment.'" *Id.* The court found that "such an inference is implausible" and therefore dismissed the plaintiff's claim. *Id.*

Here, PRA's letter included an even more explicit disclosure promising that it would not sue *even if* Plaintiff made a payment. Plaintiff has not—and cannot—point to any facts demonstrating that PRA would disregard this promise. Instead, Plaintiff's claim, like that in *Cooper*, is "based on the remote *possibility* that a consumer could be misled into renewing an old debt and based on sheer *speculation* that the debt collector would then pursue collection of that renewed debt in court, notwithstanding the fact that it said it would not do so." *Id.* at \*5 (emphasis in original). "Such speculation does not support an FDCPA claim," and accordingly Plaintiff's claim fails. *Id.*

C.   **The CFPB Required PRA To Use The Exact Disclosure At Issue.**

In September 2015, PRA entered into a Consent Order with the Consumer Financial Protection Bureau ("CFPB") which requires PRA to use the following disclosure when seeking to collect on time-barred debt: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of your debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *See* PRA Consent Order, ¶ 126(a),

available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf. This is the *exact* disclosure included in the letter sent to Plaintiff in this case.

Where a collection letter follows the agency-approved language, or agency-*required* language as is the case here, the letter complies with the FDCPA as a matter of law. *See Gutierrez v. Portfolio Recovery Assocs., LLC*, No. CV189890, 2019 WL 422195, at *2 (C.D. Cal. Feb. 1, 2019) ("[T]here is no question that by agreeing to the language in the consent decree, the CFPB implicitly found that the language complied with the FDCPA."); *Swann v. Dynamic Recovery Sols., LLC*, No. 4:18-CV-1000-VEH, 2018 WL 6198997, at *11 (N.D. Ala. Nov. 28, 2018) (finding the "will not sue you" disclaimer is "the same language mandated by…the [FTC] and the [CFPB]" and therefore "this language is not deceptive"); *see also Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1341 (S.D. Fla. 2017) ("the Court does find that the fact that the two agencies charged with enforcing the FDCPA mandated the language used by the Defendant serves to reinforce its finding that the language does not constitute a false representation or a deceptive means of collecting the debt."); *Judah v. Total Card, Inc.*, No. CV 16-5881, 2017 WL 2345636, at *5 (D.N.J. May 30, 2017) ("Because this language has been endorsed by the CFPB and the FTC, the Court determines that the Collection Letter is not deceptive."); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 367–68 (D.N.J. 2016) (dismissing claims where the disclosure contained "nearly identical language that both the [CFPB] and [FTC], two agencies tasked with enforcing the FDCPA, have required collectors of time-barred debts to adopt in publicly filed consent decrees"); *Boedicker v. Midland Credit Mgmt., Inc.*, 227 F. Supp. 3d 1235, 1241 (D. Kan. 2016) (citing the FTC and CFPB consent decrees in holding that the disclosure complies with the FDCPA); *Olsen v. Cavalry Portfolio Servs., LLC*, No. 15- 2520, 2016 WL 4248009, at *2 (M.D.

Fla. Aug. 11, 2016) (holding that because the collection letter "adopts language recently approved by the Consumer Financial Protection Bureau" the plaintiff failed to state a claim).

Finally, PRA is entitled to the FDCPA's "safe harbor" defense which affords protection from any liability where the conduct is "in good faith conformity with any advisory opinion of the FTC." 15 U.S.C. § 1692k(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 588 (2010) (citing 15 U.S.C. § 1692k(e)); *see also Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 363 (3d Cir. 2015) (explaining that Section 1692k(e) provides "a safe harbor for a debt collector that seeks and receives legal opinions from the Consumer Financial Protection Bureau before they proceed."). Specifically, the safe harbor provides:

> No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. §1692k(e).

In analyzing the safe harbor, the Supreme Court highlighted "the role Congress evidently contemplated for the FTC in resolving ambiguities in the Act." *Jerman*, 559 U.S. at 588. Here, the CFPB—the agency now principally responsible for enforcing the FDCPA—has required PRA to use the exact time-barred debt disclosure that was used in this case. Because PRA complied with the CFPB's requirements, Section 1692k(e) precludes liability in this case.

**D.    "We Are Not Obligated To Renew This Offer" Refers to the Payment Options, Not the Promise Not to Sue.**

Plaintiff alleges that he was confused as to whether the statement "We are not obligated to renew this offer" refers to the payment plan options or to PRA's promise not to sue. (Compl. ¶¶ 35–36.) But any reader, unsophisticated consumer or not, can clearly see that this statement refers to three savings plan offers (i.e., options to save 20%, 15%, or 10%) that appear within a

boxed area in the center of the letter that is captioned "Choose a savings plan that works for you." (Exhibit A.) Still within the box, the letter goes onto say, "*Savings percentages are approximate. We are not obligated to renew this offer. Your first payment must be received by: 09/09/2019." As such, the statement "We are not obligated to renew this offer" undoubtedly refers to, and can only be read as referring to, the savings plans that immediately precede the sentence. To the contrary, the statement "We will not sue you" appears in a separate section of the letter, outside of the savings plan box, as part of the disclosure regarding the time-barred nature of the debt. Moreover, "We will not sue you" is an unequivocal statement of fact—*not* an offer. For Plaintiff to link the two together is exactly the kind of bizarre and idiosyncratic interpretation that the least sophisticated consumer standard protects against. *See Busby*, 2019 WL 669641, at *4. As such, Plaintiff's claim fails.

## CONCLUSION

For the foregoing reasons, PRA respectfully requests that the Court grant its motion to dismiss and enter an order dismissing the Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Dated: December 16, 2019              Respectfully Submitted,


**MCGUIREWOODS LLP**


By: */s/ Siobhan K. Ray*
    Siobhan K. Ray
    *Attorney-in-Charge*
    Texas Bar No. 24090346
    S.D. Tex. Fed. ID No. 2451020
    JPMorgan Chase Tower
    600 Travis Street, Suite 7500
    Houston, Texas 77002
    T +1 713 353 6662
    F +1 832 214 9927
    sray@mcguirewoods.com

    *Of Counsel:*
    David L. Hartsell (motion for admission *pro hac vice* forthcoming)
    Illinois Bar No. 6192380
    77 W. Wacker Drive, Suite 4100
    Chicago, Illinois 60601
    T +1 312 849 8100
    F +1 213 920 6766
    dhartsell@mcguirewoods.com

    ***Attorneys for Defendant Portfolio Recovery Associates, LLC***

16

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via the Court's CM/ECF Filing System, on <u>December 16, 2019</u>, as follows:

Nathan Charles Volheim
Eric Donald Coleman
Taxiarchis Hatzidimitriadis
**SULAIMAN LAW GROUP LTD.**
2500 South Highland Ave., Ste. 200
Lombard, Illinois 60148
T +1 630 575 8181
nvolheim@sulaimanlaw.com
ecoleman@sulaimanlaw.com
thatz@sulaimanlaw.com


*/s/ Siobhan K. Ray*
Siobhan K. Ray